DeJoseph, J.
(dissenting). I respectfully dissent. In my view, Supreme Court did not abuse its discretion in denying defendant’s request for substitution of defense counsel inasmuch as there was no good cause for substitution (see People v Porto, 16 NY3d 93, 99-100 [2010]; People v Linares, 2 NY3d 507, 510 [2004]; People v Sides, 75 NY2d 822, 824 [1990]). Therefore, I would affirm.
At the outset, I note that the court conducted an extensive inquiry into defendant’s allegations (see People v Smith, 18 NY3d 588, 592-593 [2012]; cf. Sides, 75 NY2d at 825), which went beyond its “minimal inquiry” obligation (Sides, 75 NY2d at 825; see People v Faeth, 107 AD3d 1426, 1427 [2013], lv denied 21 NY3d 1073 [2013]).
Defendant based his allegation of a breakdown in communication with defense counsel largely on complaints of infrequent contact. Such complaints, however, do not constitute good cause for substitution (see People v MacLean, 48 AD3d 1215, 1217 [2008], lv denied 10 NY3d 866 [2008], reconsideration denied 11 NY3d 790 [2008]; People v Benson, 265 AD2d 814, 814-815 [1999], lv denied 94 NY2d 860 [1999], cert denied 529 US 1076 [2000]). Defendant also asserted that there had been a breakdown in communication inasmuch as defense counsel had failed to provide him with motion papers or to inform him whether any plea offers had been made. Based on my examination of the record, I conclude that defendant’s assertions “ ‘do not suggest a serious possibility of good cause for substitution’” (People v Moore, 41 AD3d 1149, 1150 [2007], lv denied 9 NY3d 879 [2007], reconsideration denied 9 NY3d 992 [2007]; see generally People v Torres, 14 AD3d 801, 803 [2005], lv denied 4 NY3d 836 [2005]). Defendant’s remaining assertions concerning the alleged breakdown in communication were conclusory and, thus, insufficient to establish good cause (see *1304 People v Thagard, 28 AD3d 1097, 1098 [2006], lv denied 7 NY3d 795 [2006]).
Overall, in my view, even when defense counsel has moved for substitution indicating that he is “unable to communicate effectively with [defendant],” the court does not abuse its discretion in denying substitution where the breakdown in communication was owing to defendant’s uncooperative attitude and defense counsel has conducted an otherwise effective defense (see People v Jessup, 266 AD2d 313, 313-314 [1999], lv denied 94 NY2d 921 [2000]; see generally People v Johnson, 292 AD2d 871, 871-872 [2002], lv denied 98 NY2d 652 [2002]).
Present — Centra, J.P., Peradotto, Lindley, Sconiers and DeJoseph, JJ.